342 S.E.2d 156

**AETNA CASUALTY & SURETY CO.**

v.

**Paul Joseph PITROLO.**

No. 16697.

Supreme Court of Appeals of West Virginia.

March 13, 1986.

---

Franklin D. Cleckley, Morgantown, for appellant.

Elisabeth H. Rose, Rose, Southern & Padden, Fairmont, for appellee.

MILLER, Chief Justice:

The principal issue in this appeal involves the amount of attorney's fees that should be awarded to an insured's attorney who represented the insured after the insurer denied coverage.

The case below was a declaratory judgment action filed in the Circuit Court of Marion County by the Aetna Casualty & Surety Company against Paul Pitrolo, Mary Pitrolo, and Pitrolo Pontiac-Cadillac Company, which is owned and operated by Mr. Pitrolo. The purpose of the declaratory judgment action was to determine Aetna's obligations to defend Mr. Pitrolo in three separate civil suits filed against him arising from an automobile accident he had on September 13, 1981. At the time of the accident, three Aetna insurance policies were in effect. The first was an automobile insurance policy issued to Mary Pitrolo, Mr. Pitrolo's mother, covering the vehicle driven by Mr. Pitrolo in the accident. The second provided for garage insurance and was issued in the name of Pitrolo Pontiac-Cadillac Company. The third was a personal excess indemnity policy issued in the names of Pitrolo Pontiac-Cadillac Company, Acme Land Company, and Mr. Pitrolo.

Aetna denied coverage under all three policies and refused to represent Mr. Pitrolo in the civil actions. As a result of Aetna's refusal to defend him, Mr. Pitrolo hired attorney Robert Amos to represent him in the civil suits. Prior to Aetna's filing of the declaratory judgment action, Mr. Amos had represented Mr. Pitrolo in preliminary matters involving the three civil suits, which had not yet gone to trial.

Following a hearing in the declaratory judgment action, a jury found Aetna had a duty to defend Mr. Pitrolo in the civil suits

under the first and third insurance policies. The jury also found that Mr. Pitrolo had not failed in any duty to cooperate with Aetna in the investigation, settlement, or defense of the suits. The trial court entered an order containing findings of fact and conclusions of law on the issue of Aetna's duty to defend Mr. Pitrolo. In addition to ordering Aetna to defend Mr. Pitrolo in the civil suits, the trial court further ordered Aetna to reimburse Mr. Pitrolo "for the costs of said defense to date to the extent and in an amount to be determined by the Court...."

No hearing was held to determine what amount of attorney's fees and other costs had been incurred by Mr. Pitrolo as a result of Aetna's refusal to represent him. The trial court was given copies of correspondence between Mr. Amos and Aetna, along with some other documentation, concerning the amount of attorney's fees incurred. Mr. Amos had not kept contemporaneous time sheets, so he attempted to reconstruct time sheets by going through his file. In a letter to Aetna, which was presented to the trial court, Mr. Amos estimated how much time he had spent performing various legal services for Mr. Pitrolo in the civil suits and the declaratory judgment action, and concluded his total attorney's fees would be approximately $114,385. In a letter dated May 23, 1984, which was also given to the trial court, Aetna made a detailed analysis of Mr. Amos's estimates and challenged many of the figures.

The trial court by a letter opinion ruled that Aetna was required to pay attorney's fees in the amount of $18,083.75. The letter opinion does not go into any detail as to how this figure was derived. Mr. Pitrolo filed a motion for reconsideration of the attorney's fee award. At the hearing where this motion was argued, the trial court was asked how it had computed the award of attorney's fees and a hearing was requested. The trial court reaffirmed its original award and denied the motion for reconsideration, stating that its original rough calculations would be placed in a sealed envelope along with the relevant

material considered and would be made available for appeal purposes.

The chief issue raised in the present case is whether the trial court followed the appropriate procedure in awarding attorney's fees to Mr. Pitrolo. Included in the attorney's fee award are the legal fees generated by Mr. Amos in defending Mr. Pitrolo in the three civil actions and the declaratory judgment action. The purpose of the attorney's fee award was to reimburse Mr. Pitrolo for the legal costs incurred as a result of Aetna's unjustified refusal to defend him under the terms of its insurance policies. Although the parties have not challenged the trial court's underlying conclusion that Aetna is obligated to reimburse Mr. Pitrolo for these attorney's fees, it appears that this is an area of law which we have not had occasion to decide. A few comments are necessary in order to put the main issue into proper focus.

██ Most courts have held that where an insured is required to retain counsel to defend himself in litigation because his insurer has refused without valid justification to defend him, in violation of its insurance policy, the insured is entitled to recover from the insurer the expenses of litigation, including costs and reasonable attorney's fees. *See Afcan v. Mutual Fire, Marine & Inland Insurance Co.*, 595 P.2d 638 (Alaska 1979); *Petrol Industries, Inc. v. Gearhart-Owen Industries, Inc.*, 424 So.2d 1059 (La.Ct.App.1982); *Bankers & Shippers Insurance Co. of New York v. Electro Enterprises, Inc.*, 287 Md. 641, 415 A.2d 278 (1980); *Union Mutual Fire Insurance Co. v. Town of Topsham*, 441 A.2d 1012 (Me.1982); *Brown v. State Automobile & Casualty Underwriters*, 293 N.W.2d 822 (Minn.1980); *Truck Insurance Exchange v. Woldstad*, 687 P.2d 1022 (Mont. 1984); *Tooker v. Hartford Accident & Indemnity Co.*, 136 N.J.Super. 572, 347 A.2d 371 (1975); *Lerner v. General Insurance Co. of America*, 219 Va. 101, 245 S.E.2d 249 (1978); *see generally* 7C J. Appleman, Insurance Law and Practice § 4691 (Berdal ed. 1979); 14 G. Couch, Cyclopedia of Insurance Law §§ 51:57 through :68 (2d ed. 1982); 44 Am.Jur.2d *Insurance* § 1547

(1969); Annot., 49 A.L.R.2d 694 (1956). The theory for allowing this recovery is that these damages directly resulted from the insurer's breach of contract. We agree with the foregoing law and conclude the trial court was correct in finding Aetna liable to Mr. Pitrolo for the costs of litigation, including reasonable attorney's fees, incurred by Mr. Pitrolo in initially defending himself in the three civil actions.

An insured's ability to recover attorney's fees incurred in a declaratory judgment action filed to determine an insurer's duty to defend is an issue where there is a split of authority. *See generally* 7C J. Appleman, *supra*, § 4691 at 281–86; 14 G. Couch, *supra*, § 58:141; Annot., 87 A.L.R.3d 429 (1978).

Several jurisdictions have adopted the view that attorney's fees incurred by an insured in a declaratory judgment action are not recoverable even though a duty to defend is found to exist. *E.g., Inland Mutual Insurance Co. v. Hightower*, 274 Ala. 52, 145 So.2d 422 (1962); *Gerhardt v. Continental Insurance Cos.*, 48 N.J. 291, 225 A.2d 328 (1966); *Carter v. Virginia Surety Co.*, 187 Tenn. 595, 216 S.W.2d 324 (1948); *Kremers-Urban Co. v. American Employers Insurance Co.*, 119 Wis.2d 722, 351 N.W.2d 156 (1984). These cases are premised on the so-called "American rule," which states that in the absence of a contractual provision, statute, or recognized ground of equity, attorney's fees are not recoverable. *See Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 451, 300 S.E.2d 86, 92, 34 A.L.R. 4th 438, 447 (1982) (Neely, J., concurring opinion in which he criticizes the "American rule").

Other courts do allow a recovery if it can be shown that the insurer acted in bad faith, fraudulently, unreasonably, or was stubbornly litigious. *E.g., New Hampshire Insurance Co. v. Christy*, 200 N.W.2d 834, 87 A.L.R.3d 413 (Iowa 1972); *Union Mutual Fire Insurance Co. v. Town of Topsham, supra; Western Casualty & Surety Co. v. Marchant*, 615 P.2d 423 (Utah 1980).

A third view and the one apparently followed by the trial court in the present case

is that where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation. *E.g., Occidental Fire & Casualty Co. v. Cook,* 92 Idaho 7, 435 P.2d 364 (1967); *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Bankers & Shippers Insurance Co. of New York v. Electro Enterprises, Inc., supra; Motorists Mutual Insurance Co. v. Trainor,* 33 Ohio St.2d 41, 294 N.E.2d 874 (1973); *Hegler v. Gulf Insurance Co.,* 270 S.C. 548, 243 S.E.2d 443 (1978); *Farmers Insurance Co. of Washington v. Rees,* 96 Wash.2d 679, 638 P.2d 580 (1982) (en banc).

The general reason stated for allowing recovery of attorney's fees in this situation is that where an insurer has violated its contractual obligation to defend its insured, the insured should be fully compensated for all expenses incurred as a result of the insurer's breach of contract, including those expenses incurred in a declaratory judgment action. To hold otherwise would be unfair to the insured, who originally purchased the insurance policy to be protected from incurring attorney's fees and expenses arising from litigation.

We believe this third group of cases represents the better view for several reasons. As a general rule, an insurer's duty to defend is tested by whether the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy. *See generally* 7C J. Appleman, *supra,* § 4683; 14 G. Couch, *supra,* § 51.42; 44 Am.Jur.2d *Insurance* § 1539 (1969); Annot., 50 A.L.R.2d 458 (1956). "There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage." *Union Mutual Fire Insurance Co. v. Town of Topsham,* 441 A.2d at 1015; *see also Afcan v. Mutual Fire, Marine & Inland Insurance Co., supra; Gray v. Zurich Insurance Co.,* 65 Cal.2d 263, 419 P.2d 168, 54 Cal.Rptr. 104 (1966)

(in bank); *Vappi & Co. v. Aetna Casualty & Surety Co.,* 348 Mass. 427, 204 N.E.2d 273 (1965); *Brown v. State Automobile & Casualty Underwriters, supra; International Paper Co. v. Continental Casualty Co.,* 35 N.Y.2d 322, 320 N.E.2d 619, 361 N.Y.S.2d 873 (1974).

Furthermore, it is generally recognized that the duty to defend an insured may be broader than the obligation to pay under a particular policy. This ordinarily arises by virtue of language in the ordinary liability policy that obligates the insurer to defend even though the suit is groundless, false, or fraudulent. *E.g., Afcan v. Mutual Fire, Marine & Inland Insurance Co., supra; Great American Insurance Co. v. McKemie,* 244 Ga. 84, 259 S.E.2d 39 (1979); *Conner v. Transamerica Insurance Co.,* 496 P.2d 770 (Okl.1972); 7C J. Appleman, *supra,* § 4682 at 16; 14 G. Couch, *supra,* § 51:35 at 438; 44 Am.Jur.2d *Insurance* § 1535 (1969).

■ We have long recognized that since insurance policies are prepared solely by insurers, any ambiguities in the language of insurance policies must be construed liberally in favor of the insured. Syllabus Point 1, *Hensley v. Erie Insurance Co.,* 168 W.Va. 172, 283 S.E.2d 227 (1981), *quoting* Syllabus Point 3, *Polan v. Travelers Insurance Co.,* 156 W.Va. 250, 192 S.E.2d 481 (1972); *see also Huggins v. Tri-County Bonding Co.,* 175 W.Va. 643, 337 S.E.2d 12 (1985); *Broy v. Inland Mutual Insurance Co.,* 160 W.Va. 138, 233 S.E.2d 131 (1977); *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co.,* 154 W.Va. 448, 175 S.E.2d 478 (1970). As a result, any question concerning an insurer's duty to defend under an insurance policy must be construed liberally in favor of an insured where there is any question about an insurer's obligations.

■ Finally, those courts that refuse attorney's fees in a declaratory judgment action or require a showing that the insurer acted in bad faith or unreasonably in refusing to defend cast an unfair burden on the insured. Whether an insurer's refusal to defend was in good or bad faith is largely irrelevant once it has been estab-

lished that the insurer breached its contract with its insured. The focus of the declaratory judgment inquiry is simply whether the insurer had a duty to defend under the terms of the insurance policy. One of the most thoughtful statements criticizing the anomaly of denying attorney's fees incurred by an insured in this situation based upon the insurer's reasons for breaching the contract is contained in 7C J. Appleman, *supra*, § 4691 at 282–83:

"But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above."

We agree with this statement and conclude the trial court acted properly in also awarding attorney's fees incurred by Mr. Pitrolo in the declaratory judgment action.

Mr. Pitrolo argues the trial court erred in failing to make findings of fact and conclusions of law on the issue of attorney's fees. Rule 52(a) of the West Virginia Rules of Civil Procedure provides in relevant part, "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. . . ." This rule is applicable to the present case because even though the declaratory judgment action was held before a jury, the decision as to the amount of attorney's fees was made by the trial court without a jury.

In Syllabus Point 1 of *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W.Va. 351, 193 S.E.2d 544 (1972), we held:

"Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance."

*See also* Syllabus Point 5, *Allen v. Allen*, 173 W.Va. 740, 320 S.E.2d 112 (1984); *Golden v. Board of Education*, 169 W.Va. 63, 285 S.E.2d 665 (1981); Syllabus Point 1, *Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc.*, 158 W.Va. 170, 209 S.E.2d 573 (1974).

The trial court's failure in this case to make any findings of fact or conclusions of law regarding the calculation of the attorney's fee award gives this Court nothing upon which to base our review. Syllabus Point 2, *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967). In its brief, Aetna challenges some of the documentation Mr. Amos provided to the trial court to justify the amount of fees he requested. These factual questions further point to the need for a hearing to be held on the issue of the reasonableness of the attorney's fees and the need for subsequent findings of fact and conclusions of law.

Furthermore, where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. *See generally* 22A J. Appleman, *supra*, § 14532; 15A G. Couch, *supra*, § 58:147; 2 S. Speiser, Attorneys' Fees § 15:43 (1973). The reasonableness of attorney's fees is generally based on broader factors such as those listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). In *Johnson*, the Fifth Circuit established the following list of

factors relevant to the calculation of reasonable attorney's fee awards: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.*

These factors are similar to the ones we summarized in Syllabus Point 3 of *Stafford v. Bishop*, 98 W.Va. 625, 127 S.E. 501 (1925), where the question presented was the reasonableness of attorney's fees where no fixed fee agreement had been made between the attorney and his client:

> "In determining the value of an attorney's services upon a *quantum meruit*, a jury may take into consideration evidence as to the attorney's ability, skill, experience, diligence, and standing in his profession, as well as the nature and extent of the services performed, the difficulties encountered, the responsibility assumed, the amount involved, the physical and mental labor expended, the results achieved, their benefit to the client, and the usual and customary charges for like services in the same vicinity."

*See also May v. Seibert*, 164 W.Va. 673, 681 n. 1, 264 S.E.2d 643, 647 n. 1 (1980).

Therefore, we affirm the Circuit Court of Marion County's decision awarding Mr. Pitrolo reasonable attorney's fees incurred in defending the underlying civil actions and the declaratory judgment action. In view of the fact that the Circuit Court of Marion County failed to make findings of fact and conclusions of law on the amount of attorney's fees, we reverse its previous attorney's fee award and remand for a hearing

---

* These factors are consistent with the considerations for the reasonableness of attorney's fees under DR 2-106(B) of the Code of Professional

consistent with the principles discussed herein.

Affirmed, in part, Reversed, in part, and Remanded.

Responsibility and have been adopted by courts elsewhere. *See* Annot., 57 A.L.R.3d 475 (1974).