# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James L. Teed,**
**Respondent Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0232** (Kanawha County 09-D-2373)

**Mary Anne C. Teed,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner-Husband, James L. Teed, by counsel Mark A. Swartz, appeals the February 24, 2012, order of the Circuit Court of Kanawha County that denied his appeal of the Family Court of Kanawha County's final order and its order awarding attorney's fees, both of which were entered on November 9, 2011. Respondent-Wife, Mary Anne C. Teed, by counsel Lyne Ranson, filed a response. Mr. Teed filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the morning of the parties' March 28, 1996, marriage, Mrs. Teed signed an antenuptial agreement that included the following provisions regarding spousal support or alimony:

> Each party hereby waives any right to claim, assert, receive or collect, permanent alimony, temporary alimony, rehabilitative alimony, or any support or alimony against or from the other party.

> [In the] event the parties . . . divorce, [Mr. Teed] agrees to pay rehabilitative alimony to [Mrs. Teed] in the amount of $6,000.00 per month during the first year following the entry of the divorce decree and $3,000.00 per month during the second year . . . adjusted for the effects of inflation. . . .

The provisions regarding modification of this antenuptial agreement included the following:

> Modification of Agreement: This Agreement may be modified, amended or rescinded at any time after the solemnization of the marriage between the parties by a written agreement between them.

1

Entire Agreement: This Agreement constitutes the entire agreement between the parties relating to the antenuptial property arrangements. There are no oral agreements between the parties respecting such antenuptial property arrangements. Any alteration or modification of this agreement must be in writing, signed and acknowledged by each of the parties hereto.

About fourteen years later, and after the birth of one child, Mrs. Teed filed for divorce. At a January 19, 2010, hearing, counsel for both parties placed on the record the parties' temporary support agreement in which Mr. Teed agreed to pay certain expenses for Mrs. Teed and temporary support for the parties' child. On February 24, 2010, the family court entered a temporary support order that incorporated the parties' oral agreement.

After numerous hearings on various matters, the family court entered a final order on November 9, 2012, that divorced the parties and resolved, among other things, Mr. Teed's motion for a credit or offset of equitable distribution for the temporary support he had paid to Mrs. Teed. The family court denied Mr. Teed's motion on the ground that Mr. Teed had modified the parties' antenuptial agreement by volunteering to make temporary support payments to Mrs. Teed. The family court found that the temporary support order was the required writing that memorialized the parties' modification of the antenuptial agreement.

Also on November 9, 2011, the family court entered an order awarding attorney's fees and costs that resolved Mrs. Teed's motion seeking 100% contribution from Mr. Teed for her attorney's fees and costs, and Mr. Teed's cross-motion seeking contribution from Mrs. Teed for approximately 50% of his attorney's fees and costs. The family court ordered Mr. Teed to pay 80% of Mrs. Teed's fees and costs, but did not apportion any of Mr. Teed's attorney's fees and costs to Mrs. Teed. Thereafter, Mr. Teed file an appeal in the circuit court.

On February 24, 2012, the circuit court affirmed the family court's orders. Mr. Teed now appeals the circuit court's order.

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004)

On appeal, Mr. Teed raises three assignments of error. Mr. Teed first argues that the family court erred when it determined that he modified the parties' antenuptial agreement by volunteering to pay Mrs. Teed temporary support. Mr. Teed contends that nothing in the temporary support order provides that the parties agreed to modify the antenuptial agreement, and the family court did not state that the temporary order modified the agreement.

We find that the family court did not abuse its discretion in finding that Mr. Teed had agreed with Mrs. Teed to modify the parties' antenuptial agreement. Both parties' counsel placed

2

the temporary support agreement on the record. Neither party objected to the temporary support agreement, nor did Mr. Teed ask that the resulting order include a provision noting that the parties' were not modifying the antenuptial agreement. The family court incorporated the parties' support agreement into a writing, the temporary support order, which memorialized the parties' oral agreement. Importantly, Mr. Teed did not ask the family court to reconsider the temporary order.

Mr. Teed next argues that the family court erred in denying his motion for a credit or offset against equitable distribution for his temporary support payments.

We find that the family court did not abuse its discretion in denying Mr. Teed's request for a credit or an offset of equitable distribution. Mr. Teed did not ask the family court to characterize the payments as a credit against the rehabilitative alimony Mr. Teed was required to pay Mrs. Teed following the entry of the parties' divorce decree pursuant to the terms of the antenuptial agreement. Mr. Teed's counsel also did not ask the family court for an offset against future equitable distribution at the temporary support hearing, nor did Mrs. Teed's counsel agree to such an offset. Therefore, Mr. Teed's voluntary agreement to pay Mrs. Teed temporary support was not reimbursable to Mr. Teed.

Mr. Teed's third and last argument is that the family court erred when it awarded Mrs. Teed 80% of her attorney's fees and costs. Mr. Teed challenges the award of attorney's fees to Mrs. Teed on the grounds that (1) her lawyer failed to substantially prevail on various claims, (2) she wasted time and money by filing discovery requests for the purpose of valuing Mr. Teed's assets before the family court had ruled on the validity of the parties' antenuptial agreement that specifically precludes Mrs. Teed from sharing in Mr. Teed's assets, (3) she failed to timely file various documents, (4) her counsel wasted time and money by challenging the antenuptial agreement that the family court eventually found to be valid and binding, and (5) her attorney's fees and costs were significantly higher than his.

Mr. Teed also argues that the family court erred in denying his request for an apportionment of his attorney's fees and costs caused by Mrs. Teed's repeated attempts to invalidate the antenuptial agreement, her arguments regarding the value of the marital residence and whether a variable annuity was a "fixed" annuity, and her failure to submit unredacted attorney billing statements.

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family [court judge] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family [court judge] should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996).

Our review of the record on appeal reflects that the circuit court did not abuse its discretion in affirming the family court's partial award of attorney's fees and costs to Mrs. Teed. The family court reviewed Mrs. Teed's award in light of West Virginia Code § 48-1-305, the *Banker* factors, and the twelve-factor test in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986). Furthermore, the family court reduced Mrs. Teed's award by 20% on the grounds that she had sufficient resources to pay a portion of her fees and she was in part responsible for protracting the litigation.

As for Mr. Teed's attorney's fees and costs, the family court found that (1) Mr. Teed persisted in uncooperative and egregious conduct throughout the divorce process, (2) the parties spent significant time and money valuing an annuity account for Mrs. Teed's benefit that Mr. Teed failed to fund during the marriage as required by the agreement, and (3) Mr. Teed's refusal to admit adultery further delayed the proceedings. Pursuant to West Virginia Code § 48-1-305(c),

> [w]hen it appears to the court that a party has incurred attorney fees and costs unnecessarily because the opposing party has asserted unfounded claims or defenses for vexatious, wanton or oppressive purposes, thereby delaying or diverting attention from valid claims or defenses asserted in good faith, the court may order the offending party, or his or her attorney, or both, to pay reasonable attorney fees and costs to the other party.

Therefore, we cannot say that the family court abused its discretion in failing to apportion Mr. Teed's attorney fees and costs.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**NOT PARTICIPATING:**

Chief Justice Brent D. Benjamin

4