# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Myra Kay Reilley, Individually and as Administratrix
of the Estate of Francis E. Reilley Defendants Below,
Petitioners**

**vs)  No. 14-1260 (Marshall County 11-C-123)**

**Brad Carpenter and Ridgetop Capital II, LLP, a
West Virginia Limited Partnership,
Plaintiffs Below, Respondents**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Myra Kay Reilley, individually and as administratrix of the Estate of Francis E. Reilley, by counsel William A. Kolibash and Richard N. Beaver, appeals the order of the Circuit Court of Marshall County, entered November 24, 2014, that denied petitioner's motion pursuant to Rule of Civil Procedure 59(e) to alter or amend the circuit court's November 3, 2014, order. Respondents Brad Carpenter and Ridgetop Capital, II, LP, by counsel Michael E. Hooper and Larry W. Blalock, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred (1) in finding that the parties' settlement agreement was binding and enforceable, and (2) in awarding attorney's fees to respondents.

Upon our review of the parties' arguments, the record on appeal, and the pertinent authorities, we affirm the circuit court's finding that the parties' settlement agreement was binding and enforceable. However, we remand the case to the circuit court with instructions to make findings and conclusions regarding the basis for, and reasonableness of, its award of attorney's fees to respondents. Because this case does not present any new or significant issues of law, we find it satisfies the limited circumstances requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition in a memorandum decision.

Francis and Myra Kay Reilley, a husband and his wife, ("the sellers") entered into a contract with respondents ("the buyers") on May 12, 2011, in which the sellers agreed to sell their mineral rights to 220.38 acres in Marshall County, West Virginia, to the buyers for $3,500 per acre. Thereafter, a title examination of the sellers' property revealed that the mineral rights were subject to a previously undisclosed oil and gas lease that the sellers had entered into with TriEnergy, Inc. Thereafter, on May 18, 2011, the sellers entered into a second contract with the buyers wherein they agreed to sell their mineral rights to the buyers for $2,500 per acre. Pursuant to the contract, the buyers paid the sellers a $1,000 deposit. Thereafter, the sellers refused to perform pursuant to the second contract.

1

On July 26, 2011, the buyers filed the instant case against the sellers to enforce the second mineral purchase contract. In response, the sellers filed a counterclaim seeking to have the contract deemed null and void.

One of the two sellers, Mr. Reilley, died on April 12, 2012. Thereafter, his wife, Myra Kay Reilley, as administratrix of her husband's estate, was substituted as a defendant in her husband's place.

The circuit court submitted the case to mediation. At the August 11, 2014, mediation, the parties appeared with counsel. Additionally, Mrs. Reilley (the "seller") was accompanied by her adult son. The parties reached a settlement memorialized in a "Mediation Settlement Agreement" (the "Settlement Agreement" or "Agreement"). The Agreement was signed by counsel for the parties and provides as follows:

1. Settlement has been reached in the amount of $3,200 per acre.
2. [The buyers have f]orty-five days to obtain a title update to verify clean title.
3. [The seller] to produce a copy of the TriEnergy Oil & Gas lease and any amendments.
4. [The seller] to obtain release of TriEnergy lease.
5. [The buyers] agree to use access on road other than by family home.
6. Understand the agreement for mineral rights only; [the seller] still own[s] surface of land.

On August 12, 2014, the mediator filed his report with the circuit court, pursuant to Rule 25.15 of the West Virginia Trial Court Rules. The report provides that the case "was resolved" at the mediation and the "settlement is contingent upon a few terms agreed upon by the parties at the mediation and so a proposed dismissal order will not be submitted until those terms are met."

Three days after the mediation concluded, on August 14, 2014, the seller's counsel notified the buyers of the following:

Mrs. Reilley discussed the results of the mediation with her other family members who have expressed some severe reservations about the settlement agreement and have advised Mrs. Reilley not to sign the Settlement Agreement and Release. *Since there are several contingencies that have not yet been met, I do not believe that we have a final agreement* and therefore, Mrs. Reilley can still exercise her right not to accept the amount as arrived at the mediation. However, Mrs. Reilley is willing to enter into negotiations to resolve this matter . . . with the amount of expenses being negotiable.

(Emphasis added.)

By letter dated August 19, 2014, the buyers' counsel responded to the seller as follows:

A comprehensive settlement was reached in the mediation. Both parties were represented by counsel. The "contingencies" you reference are for the benefit of [the buyers] and leave no discretion to your client to avoid the sale. The

2

mediated and comprehensive settlement was verified by the signature of all counsel. Such settlements are binding and enforceable in West Virginia.

Accordingly, we fully expect your client to comply with this settlement. Please verify your client's willingness to honor this settlement by . . . August 25, 2014. If I do not receive such a letter, I will file a Motion to Enforce Mediated Settlement with the [c]ourt, seeking all available remedies including the cost of the mediation and all attorney fees incurred by my clients related thereto.

The seller did not respond to the buyers' counsel's letter and did not comply with contingency "3" (by providing to the buyers a copy of the TriEnergy, Inc. lease and any amendments to the lease) or with clause "4" (by obtaining a release of the TriEnergy lease). The seller admits that the buyers verified clear title, but claims they did not do so until after the forty-five day period had elapsed.

Thereafter, the buyers filed their motion to enforce the Settlement Agreement.

At the October 17, 2014, hearing on the motion, the buyers argued that the parties had clearly reached a settlement agreement; the "contingencies" related merely to "stuff" the seller was supposed to give them; and they were "ready, willing and able to proceed with closing" and would take title to the mineral rights subject to any encumbrances. The seller countered that the parties did not have a settlement agreement because the contingencies had not been performed.

By order entered November 3, 2014, the circuit court granted the buyers' motion to enforce the Settlement Agreement and awarded the buyers $5,904.00 in attorney's fees. The circuit found (1) that the Agreement was negotiated by the parties with the assistance of counsel, was set forth in writing, and was signed by counsel with the consent of their clients; (2) that the Agreement is legally binding on the parties and enforceable by the court; (3) that any unsatisfied contingencies were due to the seller's acts or omissions and cannot now be used to void the Agreement; and (4) that the buyers' affidavit of counsel regarding their attorney's fees and costs was fair and reasonable.

On November 13, 2014, the seller filed a Rule 59(e) motion to alter or amend the circuit court's order regarding its award of attorney's fees to the buyers. Specifically, the seller alleged that the circuit court erred in awarding attorney's fees because, pursuant to *Daily Gazette Co. v. Canady*, 175 W.Va. 249, 250, 332 S.E.2d 262, 263 (1985), the buyers (1) failed to prove that an express statutory, regulatory, or contractual authority or a judicially created exception apply to the well-established rule that a litigant bears his own attorney's fees; and (2) failed to prove that the seller acted in bad faith, vexatiously, wantonly, or for oppressive reasons. The seller also claimed that the buyers' "Affidavit of Counsel as to Fees" was insufficient and failed to address the twelve-factor test in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).

On November 24, 2014, the circuit court denied the seller's Rule 59(e) motion to alter or amend its November 3, 2014, order. The seller now appeals that order.

3

The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co*., 204 W.Va. 430, 513 S.E.2d 657 (1998).

The seller raises three assignments of error on appeal. The seller first argues that the circuit court erred in finding that the terms and conditions set forth in the parties' Settlement Agreement are binding and enforceable against the seller where the buyers failed to "obtain a title update to verify clean title" within "forty-five days." The seller argues that the contingencies in the Settlement Agreement are obligatory upon the parties and had to be performed before the Agreement could become binding. Therefore, the seller claims that the buyers' failure to timely satisfy a contingency rendered the Agreement null and void.

Rule 25.14 of the West Virginia Trial Court Rules provides that, "[i]f the parties reach a settlement or resolution and execute a written agreement, the agreement is enforceable in the same manner as any other written contract." Further, "[a] trial court possesses the inherent authority to enforce a settlement agreement and to enter judgment based on that agreement." *Williams v. Prof'l Transp., Inc.*, 294 F.3d 607, 613 (4th Cir. 2002) (applying West Virginia substantive law). When asked to enforce a settlement contract, the trial court must first, determine whether the parties agreed to settle the action, and then, discern the terms of that settlement. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002).

It is evident from the record on appeal that the parties agreed to settle their action at the conclusion of mediation given that the parties attended the mediation with their counsel (and, in Mrs. Reilley's case, with an adult family member); participated in eleven rounds of mediated negotiations; and allowed their counsel to sign the Settlement Agreement. That agreement contained all of the provisions of the settlement agreement and resolved all of the matters at issue between the parties. Moreover, the mediator, in his post-mediation report, informed that court that "[t]he case was resolved at mediation." Therefore, we find that the circuit court did not err in finding that the parties intended to settle their action through their Settlement Agreement.

With regard to the circuit court's duty to discern the terms of the parties settlement, i.e., whether the contingencies were material terms of the contract, the circuit court found as follows:

> Assuming arguendo that the referenced "contingencies" somehow preclude a finding of a binding agreement, it is found that any unsatisfied contingencies were due to the acts or omissions of [the seller], which acts or omissions cannot now be used by [her] as a means to avoid the existence of a settlement or other moving forward with the provisions of the Mediated Settlement Agreement, including the purchase of [the seller's] mineral interests by [the buyers] in conformity with the said Agreement.

We concur with this finding. The "contingencies" listed in the Settlement Agreement required the seller to produce two documents that she failed to produce. The other relevant

contingency required the buyer to verify clean title. The seller admits that the buyers did verify clean title, although not within the required forty-five days. Moreover, the record on appeal shows that the buyers were "ready, willing and able to proceed with closing" and to take title to the mineral rights subject to any encumbrances. We also note that the Agreement contains no clause that would allow the seller to void the sale. Consequently, we find that the circuit court did not err in finding that the failure of both parties to timely perform the "contingencies" found in the Settlement Agreement did not preclude the circuit court from finding the Agreement to be binding and enforceable.

The seller next argues that the circuit court erred in awarding attorney's fees to the buyers where the buyers failed to prove (1) an exception applied to the well-established rule that a litigant bears his own attorney's fees; or (2) that the seller had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. The seller claims that the circuit court also failed to state the basis for its award of attorney's fees in the order on appeal.

This Court has held that "[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999).

In order for the buyers to be entitled to attorney's fees, they were required to prove the existence of an express statutory, regulatory, contractual, or judicially-created exception to the well-established rule that a litigant bears his or her own attorney's fees; and/or prove that the sellers acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Daily Gazette Co. v. Canady*, 175 W.Va. at 250, 332 S.E.2d at 263. Clearly this case does not regard an express exception to the rule that a litigant bears his own attorney's fees. Therefore, the buyers were required to prove that the sellers acted in bad faith, vexatiously, wantonly, or for oppressive reasons. However, the buyers did not make this argument below, nor do they make it on appeal to this Court. Instead, in their brief to this court, the buyers argue that "the mere fact that the circuit court ruled in the buyers' favor is enough for a finding that the sellers acted in bad faith." We find it likely that the buyer's so argue because the circuit court failed to supply the basis for its award of attorney's fees in the order on appeal. In failing to state the basis, the circuit court abused its discretion.

The seller next argues that the circuit court erred in awarding attorney's fees to the buyers where the buyers presented no evidence regarding the twelve factors necessary to determine whether the award of attorney's fees was reasonable. The seller also claims that the circuit court failed to address those twelve factors in the order on appeal. The twelve factors referenced by the seller are found in Syllabus point 4, *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986). In that case, we said,

> "Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement

between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

As the seller correctly argues, the circuit court did not address any of these factors in its November 3, 2014, order awarding attorney's fees to the buyers or in its November 24, 2014, order denying the sellers' Rule 59(e) motion. Therefore, this Court has no basis upon which to review the reasonableness of the award. Consequently, we remand this case to the circuit court with instructions to explain the basis for its award of attorney's fees and to make findings pursuant to *Pitrolo* regarding the reasonableness of the award of attorney's fees.

Accordingly, for the foregoing reasons, we affirm in part, and remand to the circuit court in part, for proceedings consistent with this memorandum decision.

Affirmed in part and remanded.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II