**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**S.U.,**
**Petitioner**

**vs.)  No. 22-0441** (Harrison County 19-C-275)

**Central Atlantic Legal Group, PLLC,**
**dba Booth, Strange & Daniel, and J.S.,**
**Respondents**

# MEMORANDUM DECISION

Petitioner S.U.[1] appeals the Circuit Court of Harrison County's May 16, 2022, order granting respondents attorney's fees and costs.[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

This matter was previously before this Court upon petitioner's appeal of a final order granting respondents' motion for summary judgment and their counterclaim to have petitioner designated a vexatious litigant. *S.U. v. Central Atlantic Legal Group, PLLC*, No. 20-1006, 2022 WL 293551 (Feb. 1, 2022)(memorandum decision). Of particular importance to this appeal, we detailed petitioner's protracted history of harassing, vexatious conduct toward not only the mother of his children but also her legal representatives. *Id*. at *4-5, *7. Aside from denying petitioner relief on his appeal in that matter, we additionally found it necessary to remand the matter "for the limited purpose of holding a hearing to determine if awarding respondents attorney's fees and costs is appropriate." *Id.* at *7.

On remand, the court held a hearing in May 2022 to address attorney's fees and costs for respondents. Petitioner did not attend this hearing, despite his awareness of the same. Noting that it had found, in earlier ruling on respondents' counterclaim, that petitioner "abused civil process, maliciously prosecuted his [c]omplaint, and acted in a vexatious manner without just cause," the court concluded that petitioner's bad faith "supports the exceptions to the American Rule

---

[1]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2]Petitioner is self-represented, and respondents appear by counsel Daniel T. Booth.

1

permitting an award of attorney fees." The court also noted that petitioner's responses filed on the issue of attorney's fees "contain no relevant or material allegations which suggest otherwise." The court then addressed factors applicable to determining the appropriate amount of attorney's fees in this matter, the "*Pitrolo* factors,[3] finding that (1) respondents' counsel "was required to expend[] significant time in research and defense" of petitioner's complaint; (2) "the unusual and novel nature of the claims" central to petitioner's complaint supported an award of attorney's fees; (3) no special skill was necessary to perform the legal services properly; (4) the "economic strain and expenditure of time in defense of [petitioner's] spurious claims" was to respondents' financial detriment and was a "factor of great significance," considering counsel was representing a member of the professional limited liability company of which he was also a member, "had no choice but to accept the case, and could not accept other work which would result in payment of legal fees"; (5) counsel's $250 per hour rate was "customary, reasonable, and necessary"; (6) the fee was "fixed" as a result of counsel representing a legal entity of which he is a member; (7) time limitations were immaterial to the case; (8) the results obtained were favorable, as the court found in respondents' favor and this Court affirmed the same; (9) counsel's history justified the hourly rate; (10) the undesirability of the case was another significant factor for consideration, given that petitioner's "continual and persistent filings result in a barrage of unnecessary and unwarranted legal work" and "[f]ew attorneys would desire to undertake representation knowing their representation would never cease and indeed might expose an attorney to becoming a party to litigation"; (11) the nature and length of the professional relationship to the client was immaterial; and (12) the 115.20 hours expended were reasonable and necessary to accomplish the task and consistent with awards in similar matters. Accordingly, the court awarded respondents $28,800 in attorney's fees, plus post-judgment interest in the amount of 4 percent. Petitioner now appeals the court's May 16, 2022, order, which we review for an abuse of discretion. Syl. Pt. 2, *Auto Club Prop. Cas. Ins. Co. v. Moser*, 246 W. Va. 493, 874 S.E.2d 295 (2022) ("This Court reviews an award of costs and attorney's fees under an abuse of discretion standard.").

Before this Court, petitioner challenges the court's award of attorney's fees on three bases. He first asserts that his conduct below was in good faith, which prohibits an award of attorney's fees. *See* Syl. Pt. 3, in part, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986) (establishing that attorney's fees can be awarded "when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons"). However, petitioner ignores the fact that this Court already affirmed the lower court's finding that his conduct was vexatious and in bad faith.

---

[3]*See* Syl. Pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986) ("Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.")

*S.U.*, 2022 WL 293551, at *7. Accordingly, petitioner cannot now attack the award of attorney's fees on this ground.

Next, petitioner claims that respondents' "true costs . . . are unable to be ascertained due to their history of fraudulent billing claims." In support, petitioner cites to his responses to the award of attorney's fees filed below and the exhibits attached thereto, but ignores the fact that the circuit court concluded these filings and exhibits were entirely without merit. We agree with the circuit court, as petitioner's attempt to establish fraudulent billing on respondents' part by simply citing to the amount billed in certain actions and then claiming, without citation to the record, that respondent J.S.'s testimony was dishonest does not entitle him to relief. *See* W. Va. R. App. P. 10(c)(7) (requiring that petitioner's brief "must contain appropriate and specific citations to the record on appeal" and permitting the Court to "disregard errors that are not adequately supported by specific references to the record on appeal").

Finally, petitioner asserts that it would be inequitable to order he pay respondents' attorney's fees and costs when he has no ability to pay. He cites no authority to support that a court need consider a party's ability to pay, and, notably, that is *not* a factor set forth in *Pitrolo* for courts to consider. Because petitioner has failed to establish error in any of the court's extensive findings applying these factors to the instant matter, he is not entitled to relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3