# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Travis L. Dolly,**
**Plaintiff Below, Petitioner**

**vs.) No. 18-1075** (Mineral County 17-C-37)

**United Disposal Service, Inc.,**
**Defendant Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Travis L. Dolly, by counsel Harley O. Staggers Jr., appeals the Circuit Court of Mineral County's November 14, 2018, final order granting petitioner an award of damages and dismissing the case. Respondent United Disposal Service, Inc., by counsel Trevor K. Taylor, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in awarding him damages without a jury trial and limiting his award for attorney's fees.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, petitioner mailed a demand letter to respondent alleging that he was not paid minimum wage while in respondent's employ. Petitioner asserted that he was employed by respondent from September to October of 2016 and, during that time, he was paid $8.25 per hour. Petitioner alleged that, pursuant to West Virginia Code § 21-5C-2, the minimum wage at the time of his employment was $8.75 per hour. He explained that he left respondent's employment due to the illegal pay and was now unemployed. Petitioner provided one pay-stub as proof of his hourly wage with the demand letter. He estimated $30,000 in lost wages due to respondent's illegal conduct and alleged substantial emotional distress as a result. Petitioner also informed respondent that the Wage Payment and Collection Act ("WPCA") permits a circuit court to award attorney's fees to a prevailing plaintiff. *See* W. Va. Code § 21-5-12(b). In the letter, petitioner offered to settle the matter for $90,000, which included attorney's fees.

Subsequently, respondent rejected petitioner's initial offer to settle the claim. Respondent

1

reasoned that, based on petitioner's prior letter, he was underpaid fifty cents per hour for 29.5 hours of work and, pursuant to the liquidated damages provision in West Virginia Code § 21-5-4(e), was entitled to the total amount of unpaid wages multiplied by two.[1] Respondent estimated that attorney's fees equaled one-third of petitioner's award, which amounted to less than fifteen dollars. However, "so as to account for [counsel's] time," respondent offered to pay attorney's fees equal to petitioner's unpaid wages. Based on this calculation, respondent counteroffered for $88.50 to settle the claim, divided into $44.25 for petitioner and $44.25 for his counsel as fees. Respondent included checks for these amounts with its response letter. Thereafter, petitioner summarily rejected respondent's counteroffer.

In March of 2017, petitioner filed a civil complaint alleging the facts of the initial demand letter. Additionally, petitioner asserted that he complained about the wage mistake to respondent during his employment, but it refused to correct the error. According to petitioner, he was forced to resign due to the illegal pay rate. Petitioner applied for unemployment benefits, but alleged that respondent contested the benefits and provided evidence that the minimum wage was only $8.00 per hour in West Virginia at the time of petitioner's employment. As a result, petitioner was denied unemployment benefits. Petitioner claimed relief under the WPCA for liquidated damages, alleged that respondent breached his employment contract, and alleged that respondent intentionally inflicted emotional distress by its actions. Petitioner requested a jury trial on his claims. Respondent filed an answer admitting that it had previously employed petitioner during the time period alleged, but denying petitioner's remaining claims.

Petitioner moved for summary judgment on the issue of liability for all three of his claims and reserved the issue of calculating damages for the jury. The circuit court granted petitioner's motion for summary judgment as to petitioner's WPCA claim only. The parties agreed to a bench trial to determine whether respondent was liable for breach of contract and intentional infliction of emotional distress. Additionally, respondent requested, and the circuit court granted, an opportunity to brief two issues: 1) what legal effect respondent's prelitigation letter to settle had on a potential award for attorney's fees and 2) what legal effect respondent's prelitigation letter to settle one claim had on petitioner's remaining two claims?

Upon reviewing the parties' briefs, the circuit court entered an order limiting petitioner's award for attorney's fees to the date of respondent's prelitigation letter. In support, the circuit court considered that West Virginia law authorized an award of attorney's fees for petitioner's WPCA claim, but not his remaining claims. Further, the circuit court found that respondent's initial offer of $44.25 "sought to wholly compensate [petitioner] for the wages he claims were not properly paid to him under [the WPCA], including any liquidated damages to which he was entitled." As a result, the circuit court concluded that petitioner's accrual of attorney's fees "ceased and/or was extinguished" as of the date of that offer. In regard to petitioner's remaining

---

[1] "If a person, firm or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was unpaid when due, is liable to the employee for two times that unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e).

claims, the circuit court clarified that petitioner could not recover any costs incurred in pursuit of intentional infliction of emotion distress or breach of contract.

The circuit court held a bench trial on the remaining claims. At the outset of the trial, petitioner noted his intention to present evidence on the intentional infliction of emotional distress, as he mistakenly believed that the parties had settled the WPCA and breach of contract claims.[2] Accordingly, petitioner presented evidence related to intentional infliction of emotional distress and rested his case. Respondent moved for a directed verdict, and the circuit court granted the motion, noting that the evidence presented "hasn't even bought a ticket to the infliction of emotional distress." However, petitioner presented evidence for the first time that he was not paid an additional $11.25, as a result of being paid less than minimum wage for a previously undiscovered week of work. The circuit court considered these damages and, in applying the liquidated damages clause, awarded $33.75 to petitioner for the newly discovered work hours. The following exchange was made on the record:

> The Court: It would be 33.75, wouldn't it? Send him a check for 33.75.
>
> [Respondent]: I have no problem with that.
>
> The Court: As far as I am concerned, I'm dismissing this. This hearing is closed.
>
> [Petitioner]: I'm sorry, your Honor, can I get a clarification? They're going to send me a check for $33 - -
>
> The Court: And seventy-five cents.
>
> [Petitioner]: That's going to be it?
>
> The Court: Well, if that's - - do you have a different figure?
>
> [Petitioner]: No, but I do believe we had agreed that we would get a chance to try in front of a jury, the damages.
>
> The Court: Well I'm finding there is none; so you can appeal it.
>
> [Petitioner]: Okay.

The circuit court's final order noted that the bench trial was for the purpose of determining liability on petitioner's claim for the intentional infliction of emotional harm and that the court had found petitioner failed to prove that he was entitled to those damages. "The

---

[2]Importantly, petitioner's counsel prepared the order in which the circuit court granted summary judgment on the WPCA claim only. Petitioner's failure to present evidence on his breach of contract claim constitutes a waiver of that claim.

[c]ourt then reversed its previous order that the question of the amount of damages for [respondent's] violation of the [WPCA] plus the amount of damages for [respondent's] breach of contract would be decided by a jury which [petitioner] had demanded." "Instead the [circuit] [c]ourt found that [petitioner] was entitled to $33.75." The circuit court entered the final order on November 14, 2018. Petitioner now appeals this order.

On appeal, petitioner first argues that the circuit court erred in failing to submit the issue of damages arising under the WPCA to a jury. Interestingly, petitioner does not assert that he was prejudiced by the circuit court's denial of a jury trial, but argues simply that he requested a trial and was denied the same.

Although courts are not ordinarily authorized to grant summary judgment sua sponte, we have recognized a limited exception to this general rule: "[w]here a court acts with great caution, assuring itself that the parties to be bound by its judgment have had an adequate opportunity to develop all of the probative facts which relate to their respective claims, the court may grant summary judgment under Rule 56, W.Va.R.C.P., *sua sponte.*" *Hanlon v. Boone Cty. Cmty. Org., Inc.*, 182 W. Va. 190, 193, 386 S.E.2d 847, 850 (1989) (quoting Syl. Pt. 4, *Southern Erectors, Inc. v. Olga Coal Co.*, 159 W. Va. 385, 223 S.E.2d 46 (1976)). In applying this exception, "judgments must be based on the merits after the parties have had an opportunity to prove their allegations and to respond." *Id*. And it remains the case that summary judgment is appropriate "when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Here, all of the facts necessary to enter judgment in petitioner's favor on the damages he was entitled to recover under the WPCA were fully developed. Respondent did not dispute that it employed petitioner and paid him fifty cents less than minimum wage during his employment. Further, the parties agreed to the number of hours worked at this wage and, ultimately, to the amount left unpaid. No additional facts were in need of development—indeed, petitioner identifies no such facts — for the court to calculate petitioner's damages; accordingly, the circuit court calculated the damages that petitioner was entitled to under the WPCA and entered judgment in that amount. Critically, because damages under the WPCA are statutorily prescribed, a jury could not have lawfully awarded a higher (or lower) amount. Therefore, summary judgment on damages was appropriate. Because the circuit court calculated and awarded damages in accordance with the statutory requirements of the WPCA, we find no error in its decision to grant judgment in that amount without proceeding to a jury trial.[3]

---

[3]To the extent that the circuit court did not formally enter summary judgment on damages, the effect of the court's actions were the same as if it had. We have consistently held that

"[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466

(continued . . . )

Petitioner also argues that the circuit court erred in limiting the award for attorney's fees to less than $100 dollars. Petitioner notes that the WPCA provides that "[t]he court in any action brought under this article may, in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney fees against the defendant." W. Va. Code § 21-5-12(b). Further, petitioner cites this Court's test to determine reasonableness of a fee award and asserts that the circuit court failed to properly apply that test.[4] Finally, petitioner argues that the circuit court's conclusion that respondent's settlement letter would have "wholly compensated" him is erroneous because of the additional uncompensated work hours discovered during the bench trial. We find petitioner is entitled to no relief on appeal.

Regarding an award of attorney's fees, this Court has held that

> (1965); *see also Cumberland Chevrolet Oldsmobile Cadillac, Inc. v. General Motors Corp.*, 187 W.Va. 535, 538, 420 S.E.2d 295, 298 n. 4 (1992)(stating that "even if the reasoning of a trial court is in error . . . we are not bound by a trial court's erroneous reasoning"); *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 274, 134 S.E.2d 730, 737, *cert. denied*, 379 U.S. 819, 85 S.Ct. 39, 13 L.Ed.2d 30 (1964)(stating in criminal context that "correctness of . . . [trial court's] final action is the only material consideration, not the stated reasons for [the trial court's] taking such action"). *State v. Boggess*, 204 W.Va. 267, 276, 512 S.E.2d 189, 198 (1998).

*Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, 525, 788 S.E.2d 40, 53 (2016). Because the facts necessary to compute petitioner's damages under the WPCA were fully developed and no genuine issue of material fact existed regarding that claim, the court's decision to enter judgment in that amount was correct, irrespective of the reason given for its actions.

[4]Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Syl. pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).

Syl. Pt. 4, *Hollen v. Hathaway Electric, Inc.*, 213 W. Va. 667, 584 S.E.2d 523 (2003).

[t]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, [sic] and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.

*Hollen*, 213 W. Va. at 669, 584 S.E.2d at 524, syl. pt. 1 (internal quotations and citations omitted).

When considering an award of attorney's fees pursuant to the WPCA, we have held that "[a]n employee who succeeds in enforcing a claim under W.Va. Code Chapter 21, article 5 should ordinarily recover costs, including reasonable attorney fees *unless special circumstances render such an award unjust.*" Syl. Pt. 3, *Farley v. Zapata Coal Corp.*, 167 W. Va. 630, 281 S.E.2d 238 (1981) (emphasis added). In this case, the circuit court found that special circumstances rendered an award of reasonable attorney's fees in excess of the prelitigation amount offered to be unjust because respondent attempted to remediate petitioner's WPCA claim prior to litigation. Upon receiving the demand letter, respondent calculated the liquidated damages that petitioner alleged he was owed and immediately provided two checks to him, one for the liquidated damages and an equal amount for attorney's fees. The circuit court found that this prelitigation correspondence sought "to wholly compensate" petitioner for the WPCA claim. Additionally, petitioner's other two claims—breach of contract and intentional infliction of emotional distress—did not entitle petitioner to attorney's fees if he prevailed. As a result, the circuit court reasoned, petitioner was precluded from receiving attorney's fees incurred after receipt of respondent's prelitigation letter.

In this case, we find no abuse of discretion in the circuit court's order based on the special circumstances to limit an award of attorney's fees. Respondent sought to "wholly compensate" petitioner for his WPCA claim, yet petitioner continued with litigation seeking to prevail on related claims that did not provide for an award of attorney's fees. We find no error in the court suspending the accrual of attorney's fees for a claim that petitioner could have remedied without litigation. On appeal, petitioner argues that the circuit court's finding that he would be "wholly compensated" by respondent's offer is clearly erroneous. Petitioner argues that, during the bench trial for liability on his remaining claims, he discovered additional hours that he was due as compensation under the WPCA. However, petitioner's argument is not properly before this Court as he failed to raise this issue below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we find no error in the circuit court's ultimate award of attorney's fees considering the special circumstances of these proceedings.

For the foregoing reasons, we affirm the circuit court's November 14, 2018, order granting petitioner damages and dismissing the case.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison