# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Soaring Eagle Development Company, LLC,**
**Defendant/Third-Party Plaintiff Below, Petitioner**

**vs.)  No. 19-0841** (Kanawha County 15-C-2202)

**The Travelers Indemnity Company of America and**
**Travelers Property and Casualty Company of America,**
**Third-Party Defendant Below, Respondent**

**FILED**

**October 19, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Soaring Eagle Development Company, LLC, by counsel Shawn P. George and Jennie Ovrum Ferretti, appeals the Circuit Court of Kanawha County's August 20, 2019, order granting summary judgment to Respondents The Travelers Indemnity Company of America and Travelers Property and Casualty Company of America (collectively referred to as "Travelers"). Respondents, by counsel John Andrew "Jack" Smith and Jason L. Holliday, filed a response to which petitioner submitted a reply.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the plaintiffs below, Soaring Eagle Lodge Master Association, Inc., and Soaring Eagle Lodge Association, Inc., filed a complaint against the defendant below and petitioner herein Soaring Eagle Development Company, LLC,[2] asserting that petitioner caused certain structural and material defects in the Soaring Eagle Lodge at the Snowshoe Mountain Resort ("Snowshoe") in Pocahontas County, West Virginia.[3] On February 9, 2016, petitioner

---

[1]On September 3, 2020, Jeffrey M. Wakefield filed a notice of appearance on behalf of Travelers.

[2]Petitioner was the developer on the project at issue.

1

tendered the claim for defense and indemnity to Branch & Associates ("Branch") and Branch's insurer, respondents herein, pursuant to the contract between petitioner and Branch. In a March 1, 2016, response letter respondents advised petitioner that they do "not address [petitioner's] tender as a putative additional insured under the above captioned policy" and directed petitioner to address those questions to the additional insured claims handler. In their March 10, 2016, letter, respondents informed petitioner that they were "unable to make a determination as to whether [petitioner] is entitled to any rights or coverage in connection with any claims, actions or proceedings relating to the captioned matter under policy(ies) of insurance issued to Branch by [respondents]." In both of the March of 2016 letters, respondents requested additional information from petitioner. However, according to respondents, it is undisputed that petitioner made no effort to respond to either of those requests until February 15, 2017. In respondents' later response to Cincinnati Insurance Companies,[4] respondents wrote that "Travelers has determined that [petitioner] may qualify as an additional insured under the commercial liability policies issued to Branch by Travelers, but such coverage would apply on an excess basis only and there is no defense obligation at this time." Petitioner claims that while it made several other attempts to obtain indemnification and defense from respondents, respondents did not respond to those letters.

Petitioner then filed an amended third-party complaint against respondents alleging breach of express contract, breach of implied contract, declaratory judgment, and unfair claims practices. All parties participated in mediation in June of 2018 and settled all claims other than petitioner's preservation of its right to pursue existing claims against "The Travelers Indemnity Company of America and possibly Zurich (a non-party)." On May 8, 2019, respondents filed a motion for summary judgment and supporting memorandum of law, arguing that they were entitled to summary judgment on all claims due to the fact that petitioner was provided a defense and indemnity. Petitioner filed a response in opposition, and respondents submitted a reply.

The circuit court held a hearing on respondents' motion for summary judgment on June 7, 2019, and entered its resulting order granting summary judgment to respondents on August 20, 2019. In that order, the circuit court found that a construction defect case, such as the one presented here, comes with reservations of rights and inevitable disputes over the nature of the loss and extent of coverage. In its order, the circuit court stated that "[t]he question the Supreme Court directs the trial court to is whether the insured party was defended without incurring costs and was indemnified for any payment made to resolve the underlying claim." It determined that there were no genuine issues of material fact remaining regarding coverage and that

---

[3]An amended complaint was later filed asserting claims against Branch & Associates, Inc., and GBBN Architects, Inc., the general contractor and architect for the Soaring Eagle Lodge, respectively, as well as multiple cross-, third-, and fourth-party claims against subcontractors, suppliers, and manufacturers, some of whom filed cross-claims and counterclaims against each other.

[4] Petitioner was insured by Cincinnati Insurance Companies and Attain. According to petitioner, which failed to cite to the record, both of those companies accepted the tender of defense of petitioner for the plaintiffs' claims, but both issued reservation of rights letters expressly reserving the right to cease the defense at any time and not to pay any indemnity money for petitioner.

[i]f the other carriers, Cincinnati, Erie, or Liberty Mutual, believe their policies were excess to Travelers and wish to litigate that issue to recover their defense and indemnity payments, those issues would have be [sic] resolved in a separate civil action. In other words, if insurance carriers disagree among themselves, it has no bearing on the fact that [petitioner] was defended and fully indemnified throughout the case.

According to the circuit court, petitioner received a full defense and indemnity by insurers for subcontractors "as envisioned by the parties as expressed in their contractual agreements." It also found that these are sophisticated parties which negotiated a large-scale construction project at Snowshoe, including contracting insurance obligations. The circuit court, therefore, granted respondents' motion for summary judgment. Petitioner appeals from that August 20, 2019, summary judgment order.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Additionally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we note that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995).

On appeal, petitioner asserts three assignments of error. First, it argues that the circuit court's grant of summary judgment was premature because Travelers had yet to respond to petitioner's discovery requests. In support of that assertion, petitioner contends that when it filed

its amended third-party complaint, it served discovery requests upon respondents. However, the circuit court bifurcated petitioner's claims against respondents and stayed discovery upon motion by respondents. When respondents filed their motion for summary judgment, petitioner objected based, in part, on respondents' failure to respond to discovery requests or produce anyone for deposition. Petitioner argues that it was denied a meaningful opportunity to develop the facts surrounding its allegations of failure to comply with and provide petitioner the coverages listed in the certificate of insurance or related to the bad faith claims. However, it cites only a single rule in support of this argument without citing or analyzing any cases authored by this Court.

Petitioner's single-paragraph argument on this issue does not contain a single citation to the record, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[5] Further, Rule 56(c) of the West Virginia Rules of Civil Procedure declares "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). Parties opposing the motion may utilize Rule 56(f), which provides "a procedural 'escape hatch' . . . for a party who genuinely requires additional time to marshal material facts to contest a summary judgment motion." *Powderidge Unit Owners Assoc. v. Highland Properties, Ltd.,* 196 W. Va. 692, 701, 474 S.E.2d 872, 881 (1996). Petitioner's argument fails when considering that "the party making an informal Rule 56(f) motion must . . . demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material[.]" *See* syllabus, in part, *Elliot v. Schoolcraft*, 213 W. Va. 69, 576 S.E.2d 796 (2002) (applying the four-requirement test provided in *Powderidge* to a party's informal Rule 56(f) motion). As respondents point out, petitioner fails to articulate why further discovery was necessary in order to rule on respondents' motion for summary judgment. Petitioner did not submit an affidavit, in accordance with Rule 56(f), and failed to meet the minimum requirements set forth in *Powderidge*. Therefore, under the facts of this case, we find that the circuit court did not err in granting respondents' motion for summary judgment prior to the completion of discovery.

Petitioner next argues that the circuit court erred as a matter of law when it relied on *State ex rel. State Auto Prop. Ins. Co. v. Stucky*, 239 W. Va. 729, 806 S.E.2d 160 (2017) and *Admiral Ins. Co. v. Fisher*, No. 17-0671, 2018 WL 2688182 (W. Va. Jun. 5, 2018) (memorandum decision) to grant respondents' motion for summary judgment. In support of this assertion, petitioner points out that in syllabus point 1 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986), this Court found that an insured is entitled to recover the expenses of litigation, including attorney's fees, when the insurer "has refused without valid justification to defend [it]."

---

[5] The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

4

Without citing to the record, petitioner claims that no insurer who participated in petitioner's defense did so without a reservation of rights and ability to cease providing a defense at any time, which would have left petitioner "exposed and vulnerable." Petitioner further argues that even without discovery, the record shows that petitioner incurred substantial aggravation and expense over a three-year period trying to get respondents to acknowledge coverage and provide the primary, non-contributory defense.

In *State Auto*, this Court held that

> [t]he insured, CMD, was defended and indemnified by its insurer, State Auto, with respect to the lawsuit filed by the plaintiffs as required by the commercial general liability policy. A settlement was obtained at no cost to CMD, and no adverse judgment was entered in the circuit court. Consequently, this Court is of the opinion that, as a matter of law, CMD cannot maintain a first-party action against State Auto for common law and statutory bad-faith and breach of contract.

239 W. Va. at 167, 806 S.E.2d at 736.

In *Fisher*, the insurer advised Dr. Fisher that it would not afford coverage under the medical professional liability policy but would afford a defense in pending litigation on an interim basis. In a declaratory judgment action, the insurer asserted a counterclaim to rescind the policy on the basis that the doctor made fraudulent misrepresentations and omissions in his insurance application. The insurer eventually settled the suits, and the doctor was released from liability without having to contribute financially to the settlements. The circuit court granted judgment in favor of the doctor, awarded attorney's fees and costs, and permitted a jury to assess consequential damages for aggravation and inconvenience. The insurer appealed that judgment to this Court, and we found in *Fisher*,

> [t]o give guidance to the circuit court following remand, we briefly address Respondents' request for *Pitrolo* and *Hayseeds*[6] damages. In syllabus point two of *Pitrolo*, this Court held: "Where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation." *Pitrolo*, 176 W.Va. at 191, 342 S.E.2d at 157. *Pitrolo* was initiated only after the insurer breached the insurance contract by refusing to defend. We stated:
>
> > The general reason stated for allowing recovery of attorney's fees in this situation is that where an insurer has violated its contractual obligation to defend its insured, the insured should be fully compensated for all expenses incurred as a result of the insurer's breach of contract, including those expenses incurred in a declaratory judgment action. To hold otherwise would be unfair to the insured, who originally purchased the insurance policy to be

---

[6] *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W. Va. 323, 352 S.E.2d 73 (1986).

> protected from incurring attorney's fees and expenses arising from litigation.
>
> *Id.* at 194, 342 S.E.2d at 160.
>
> . . .
>
> Turning to *Hayseeds*, in syllabus point one this Court held: "Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." *Hayseeds*, 177 W.Va. at 324, 352 S.E.2d at 74.

*Fisher*, 2018 WL 2688182, at \*7-8. As in *State Auto* and *Fisher*, petitioner herein was provided a defense at no cost to it and the claims against it were settled at no cost to petitioner. For these reasons, under the facts of this case, we find that the circuit court did not err in applying our findings in *State Auto* and *Fisher* and awarding judgment in favor of respondents.

Finally, petitioner asserts that the circuit court's grant of summary judgment was improper because the record reflects genuine issues of material fact, including that petitioner did not receive defense and indemnity at no cost to it. Petitioner contends that in responding to its amended third-party complaint, respondents denied that they had any obligation to petitioner under the policies. Petitioner asserts that respondents' acts and failures to act compelled petitioner to hire separate counsel to protect its interests and ultimately institute litigation to recover amounts due to petitioner under respondents' policies issued for the project. It contends that this left petitioner with unpaid bills for legal fees and expenses and uncompensated damages recoverable under the Unfair Trade Practices Act.[7] Petitioner's argument on this point is fact-driven without a single citation to the law, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

Respondents point out that two other subcontractors' insurers contributed to petitioner's primary defense and that those insurers defending Branch agreed to pay a portion of petitioner's attorney's fees as part of the underlying settlement agreement. Respondents also assert that it is undisputed that petitioner was defended by the insurers for the subcontractors as contemplated by the subcontracts. Because petitioner failed to cite any authority in support of this argument, we agree with respondents that petitioner failed to cite any authority that stands for the proposition that an insured will be reimbursed for the retention of separate counsel, in addition to counsel provided by the insurer(s), simply because a defense is provided under a reservation of rights. However, we note that in the instant matter that a similar defense was provided to petitioner by the insurers for subcontractors – not respondents. Petitioner has failed to point to any decision from this Court, or any court, that supports its argument that it is entitled to reimbursement for attorney's fees and costs under the facts of this matter. Further, upon consideration of the summary judgment factors set forth above and our precedent in the cases addressed herein, we find that the circuit

---

[7] W. Va. Code § 33-11-4(9).

court did not err in granting summary judgment to respondents in the face of what petitioner mischaracterizes as genuine issues of material fact.

Affirmed.

**ISSUED:**  October 19, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISSENTING:**

Justice Margaret L. Workman
Justice John A. Hutchison

7